UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARMANDO BARAJAS,<br><br>           Plaintiff,<br><br>  v.<br><br>SAN BERNARDINO SHERIFF'S<br>DEPARTMENT, et al.,<br><br>           Defendants. | No. ED CV 07-00741-VBF (VBK)<br><br>MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY OR PERMANENT INJUNCTION |

**PROCEEDINGS**

On July 10, 2007, Armando Barajas ("Plaintiff") filed a civil rights lawsuit pursuant to 42 U.S.C. §1983 against Defendant Deputy McKenzie of the San Bernardino County Sheriff's Department. Plaintiff alleged that Defendant Deputy McKenzie used excessive force in violation of the Eighth and Fourteenth Amendments against Plaintiff on March 3, 2006, while Plaintiff was returning from court to the West Valley Detention Center. Defendant Deputy McKenzie allegedly grabbed Plaintiff, ran him into a holding cell, whereby plaintiff's face and head were slammed into a toilet, causing Plaintiff to nearly black out and resulting in a gash to his face which required stitches.

**DISCUSSION**

The traditional criteria for granting a temporary restraining order are the same as for a preliminary injunction. See, Motor Vehicle Board of California v. Fox, 434 U.S. 1345, 1347 n. 2 (1977); see also Fed. R. Civ. P. 65(b). The traditional criteria for granting a preliminary injunction are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if the injunction is not imposed; (3) the relative balance of the harm to the plaintiff and the harm to the defendant if the injunction is not imposed; and (4) the public interest. Johnson v. California State Board of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995); State of Alaska v. Native Village of Venetie, 856 F.2d 1384, 1388 (9th Cir. 1988). An alternative formulation of this test is whether the party seeking the preliminary injunction demonstrates: (1) probable success on the merits and a possibility of irreparable injury; or (2) serious questions going to the merits and a balance of hardships tipping sharply in his or her favor. Johnson at 1430; State of Alaska at 1389. Whichever test is used, it must be shown as an "irreducible minimum" that the party seeking the preliminary injunction has a fair chance of success on the merits. Johnson at 1430.

Plaintiff's request seeks relief against County, City and State entities that are not parties to this action and which this Court lacks jurisdiction over. See Zepeda v. United States INS, 753 F.2d 719, 727 (9th Cir. 1983). (A Federal Court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the Court. Fed.R.Civ.P. Rule 65(d).)

Further, in order to receive injunctive relief Plaintiff must

1  ( Complaint at 3, 5.)

2  On September 14, 2007, Defendant Deputy McKenzie filed an Answer to Plaintiff's Complaint.

3  On October 3, 2007, Plaintiff filed a "Motion Requesting an Injunction, Preliminary or Permanent." Plaintiff requests that injunctive relief be granted against several entities, including the County of San Bernardino's West Valley Detention Center, Detective Mackie of the Ontario Police Department and individuals in the State Prison system in Corcoran and Tehachapi. (See Motion at 2.) Plaintiff "believes he is being monitored by outside law enforcement through computers and voice manuals." (See Motion at 3.) Plaintiff believes that his cell is a "rigged cell" and that "his family and attorney Patricia Ann Campi are being detained by West Valley Detention Center in retaliation" for Plaintiff's lawsuits. (See Motion at 3.)

On October 24, 2007, Defendant Deputy McKenzie filed an "Opposition to Motion Requesting Preliminary or Permanent Injunction." Defendant opposes Plaintiff's Motion on the grounds that (1) Plaintiff did not serve the pertinent parties notice of the Request for Injunction; (2) there is no jurisdiction to enter an injunction as requested, as Plaintiff seeks relief against entities and individuals who are not parties to this action; (3) Plaintiff does not demonstrate any standing; and (4) Plaintiff has not alleged an irreparable injury. (See Opposition at 1-4.)

On November 9, 2007, Plaintiff filed a "Response to Opposition to Motion Requesting Preliminary or Permanent Injunction."

//
//
//

show injury in fact, or a harm that is actual or imminent. Plaintiff must demonstrate causation and redressability. See <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555 560, 112 S.Ct. 2130, 2139 (1992). Plaintiff's injury appears to be a lack of focus or concentration. There is no specific cause other than general speculation that Plaintiff is being monitored in some way with inside help. The "voice manual" conduct is vague.

Furthermore, Plaintiff must satisfy the general equitable requirements by showing a significant threat of <u>irreparable injury</u> and that <u>legal remedies</u> are inadequate in order to receive injunctive relief. Here, Plaintiff's request for relief does not identify any irreparable injury. The allegations contained in the Motion for an Injunction regarding Plaintiff's current prison environment may likely be remedied within the prison system. It cannot be said that Plaintiff has demonstrated any likelihood of success on the merits regarding this request for injunctive relief. Accordingly, the Motion requesting a permanent or preliminary injunction is **HEREBY DENIED**.

DATED: August 28, 2008

**VALERIE BAKER FAIRBANK**
_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

Presented this 12th day of August, 2008 by:

_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE