UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARMANDO BARAJAS, | ) No. ED CV 07-00741-VBF (VBK) |
| Plaintiff, | ) MEMORANDUM AND ORDER RE DISMISSAL |
| v. | ) OF ACTION FOR FAILURE TO |
| | ) PROSECUTE |
| SAN BERNARDINO SHERIFF'S DEPARTMENT, et al., | ) |
| Defendants. | ) |

On July 10, 2007, Armando Barajas (hereinafter referred to as "Plaintiff") filed a civil rights lawsuit pursuant to 42 U.S.C. §1983 against Defendant Deputy MacKenzie of the San Bernardino County Sheriff's Department. Plaintiff alleged that Defendant Deputy MacKenzie used excessive force in violation of the Eighth and Fourteenth Amendments against Plaintiff on March 3, 2006, while Plaintiff was returning from court to the West Valley Detention Center. Defendant Deputy MacKenzie allegedly grabbed Plaintiff, ran him into a holding cell, whereby Plaintiff's face and head were slammed into a toilet, causing Plaintiff to nearly black out and resulting in a gash to his face which required stitches. (Complaint at 3, 5.)

1    On September 14, 2007, Defendant Deputy MacKenzie filed an Answer
2 to Plaintiff's Complaint.
3    On April 10, 2008, Plaintiff filed a Notice of Change of Address
4 changing his address to P.O. Box 7500, Crescent City, CA 95532.
5    On August 28, 2008, the Court issued a Memorandum and Order
6 Denying Plaintiff's Motion for a Preliminary or Permanent Injunction.
7    On September 2, 2008, Plaintiff filed a Motion for Appointment of
8 Counsel.  On September 4, 2008, the Court issued a Minute Order
9 denying counsel.
10   On April 13, 2009, the Court issued an Order requiring Plaintiff
11 to notify the court of Plaintiff's current address within 15 days of
12 the Order.  The Court had been advised that Plaintiff was no longer in
13 custody.  Plaintiff failed to comply with the Court's Order.
14   On May 5, 2009, the Court issued an Order to Show Cause requiring
15 Plaintiff to notify the Court of his current address.  Plaintiff was
16 advised that failure to respond to the Court's Order would result in
17 a recommendation of dismissal for want of prosecution.
18   On May 13, 2009, the Order to Show Cause issued on May 5, 2009
19 was returned undelivered by the Postal Service.  On the envelope was
20 a notation "Return to Sender."
21   Central District of California Local Rule 41-6 provides:
22   "**DISMISSAL - FAILURE OF PRO SE PLAINTIFF TO KEEP COURT**
23   **APPRISED OF CURRENT ADDRESS** - A party appearing pro se shall
24   keep the Court apprised of such party's current address and
25   telephone number, if any.  If mail directed by the Clerk to
26   a pro se Plaintiff's address of record is returned
27   undelivered by the Post Office, and if such plaintiff fails
28   to notify in writing, the Court and opposing parties within

1     fifteen (15) days thereafter of his current address, the
2     Court may dismiss the action with or without prejudice for
3     want of prosecution."

5     Here, Plaintiff has failed to notify the Court of his current
6 address within 15 days of the service date of the undelivered Order to
7 Show Cause described above, as required by Local Rule 41-6.  His
8 failure to keep the Court apprised of his current address renders this
9 case indistinguishable from Carey v. King, 856 F.2d 1439, 1441 (9th
10 Cir. 1988).  There, in affirming the District Court's dismissal of a
11 case for failure to prosecute, the Ninth Circuit observed that "[I]t
12 would be absurd to require the District Court to hold a case in
13 abeyance indefinitely just because it is unable, through the
14 Plaintiff's own fault, to contact the plaintiff to determine if his
15 reasons for not prosecuting his lawsuit are reasonable or not."
16     It is well established that a District Court has authority to
17 dismiss an action because of failure to prosecute or to comply with
18 Court Orders.  See, Fed. R. Civ. P. 41(b); Link v. Wabash Railroad
19 Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386 (1962), (authority to dismiss
20 for lack of prosecution necessary to prevent undue delay in disposing
21 of pending cases and avoid congestion in Courts' calendars); Ferdik v.
22 Bonzelet, 936 F.2d 1258, 1260 (9th Cir. 1992), (authority to dismiss
23 action for failure to comply with any order of the court).
24     In determining whether to dismiss a case for failure to prosecute
25 or to comply with court orders, a court should consider five factors:
26 (1) the public interest in expeditious resolution of litigation; (2)
27 the court's need to manage its docket; (3) the risk of prejudice to
28 defendants; (4) the public policy favoring disposition of cases on

their merits; and (5) the availability of less drastic sanctions. <u>In Re Eisen</u>, 31 F.3d 1447, 1451 (9th Cir. 1994)(failure to prosecute).

In the instant action, the first two factors -- public interest in expeditious resolution of litigation and the need to manage the Court's docket -- weigh in favor of dismissal. Plaintiff has failed to comply with the Court's Orders requiring Plaintiff to notify the Court of his address, despite being warned of the consequences and granted sufficient time in which to do so. Plaintiff's conduct hinders the Court's ability to move this case towards disposition, and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. <u>Eisen</u>, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. <u>Morris v. Morgan Stanley</u>, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility, despite having been granted sufficient time in which to do so. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissal. The Court cannot move the case

towards disposition without Plaintiff's compliance with court orders or participation in its litigation.  Plaintiff has shown that he is either unwilling or unable to comply with court orders by filing responsive documents.

Under these circumstances, dismissal for failure to prosecute is appropriate.  Such a dismissal should not be entered unless the Petitioner has been notified that dismissal is imminent.  See, West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990).  Here, Plaintiff was warned about the possibility of dismissal in the Court's prior Orders.

It is **THEREFORE ORDERED** that this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b), Local Rule 41-6 and the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute.  See also Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 2, 2009            /s/ Valerie Baker Fairbank
                               VALERIE BAKER FAIRBANK
                               UNITED STATES DISTRICT JUDGE


Presented this 29th day of May, 2009 by:


            /s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE